United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-10562
Summary Calendar

———————————————

MAURICE JARJOURA

            Plaintiff - Appellant

    v.

ERICSSON, INC.

            Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1542-L
--------------------

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

    Maurice Jarjoura appeals the district court's grant of
summary judgment to the defendant on Jarjoura's complaint
alleging that he was wrongfully discharged in retaliation for
taking leave under the Family and Medical Leave Act ("FMLA"); 29
U.S.C. § 2601, et seq.  The district court determined that
Jarjoura did not establish a prima facie case of retaliation and,
alternatively, that if a prima facie case had been established,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

then the defendant had articulated a legitimate reason for the discharge that was not a pretext for discrimination.

The district court did not err in determining that Jarjoura had not made a <u>prima facie</u> case for retaliation because he did not show that there was a causal connection between his taking FMLA leave and his discharge for violation of a company policy. <u>See</u> <u>Chaffin v. Carter Co., Inc.</u>, 179 F.3d 316, 319 (5th Cir. 1999). Inasmuch as the record supports the district court's determination that Jarjoura failed to establish a <u>prima facie</u> case, it is unnecessary to address Jarjoura's arguments challenging the district court's alternative holding that, even if a <u>prima facie</u> case was shown, there was no evidence of pretext.

AFFIRMED.